```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                  :
CARLOS MUNOZ YAGUE,                                               :
                                                                  :
                                         Plaintiff,               :
                                                                  :         19-cv-11717 (LJL)
                     -v-                                          :
                                                                  :              ORDER
VISIONAIRE PUBLISHING LLC,                                        :
                                                                  :
                                         Defendant.               :
                                                                  :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/14/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Carlos Munoz Yague ("Yague" or "Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against Defendant Visionaire Publishing LLC ("Visionaire Publishing" or "Defendant"). For the following reasons, Plaintiff's motion is granted as to liability.

Yague is a professional photographer based in France.[1] Dkt. No. 1 ("Compl." or the "Complaint") ¶ 5. Yague licenses his photographs to online and print media for a fee. *Id*. Visionaire Publishing is a New York limited liability company with a place of business in New York City. *Id*. ¶ 6. Visionaire Publishing owns and operates a website at the URL: www.Visionaireworld.com. *Id*.

Yague photographed Yves Saint Laurent and Catherine Deneuve (the "Photograph"), *id*. ¶ 7, and registered the Photograph with the United States Copyright Office. *Id*. ¶ 9. According to the Certificate of Registration, the copyright became effective on October 8, 2019, and the

---

[1] The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of this motion.

date of first publication was February 4, 1998.[2]  Dkt. No. 13-4 at 1; Dkt. No. 13 ¶ 14.

Visionaire Publishing ran an article on its website entitled *Catherine Deneuve's Letter to Yves Saint Laurent*.  Dkt. No. 1-2; Compl. ¶ 10.  The Photograph was featured in the article.  Compl. ¶ 10.  Visionaire Publishing did not license the Photograph from Yague.  *Id.* ¶ 11.

Plaintiff filed the Complaint in this Court on December 21, 2019, alleging that Defendant had infringed upon Plaintiff's copyright.  *Id.* ¶¶ 12-18.  Defendant was served on December 24, 2019.  Dkt. No. 4.  On September 15, 2020, the Clerk entered a Certificate of Default as to Visionaire Publishing.  Dkt. No. 11.  On September 16, 2020, Plaintiff moved for a default judgment and served the motion upon Defendant.  Dkt. Nos. 12, 16.  The Court scheduled a default judgment hearing, Dkt. No. 25, and Plaintiff served notice of the hearing on Defendant, Dkt. No. 26.  At the default judgment hearing on September 14, 2021, no counsel appeared on behalf of Defendant.

The allegations in the Complaint, accepted as true, are sufficient to establish liability under the Copyright Act.  "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (quoting *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003).  "A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted.  The party challenging the validity of the copyright has the burden to prove the contrary."  *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999)

---

[2] A court may take judicial notice of copyright registrations.  *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016) (citing *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)).

(citation omitted). Yague secured such registration for the Photograph, and there has been no challenge to the validity of the copyright. Yague has therefore met the first element of an infringement claim. To satisfy the second element of an infringement claim, "the plaintiff must first show that his work was actually copied; second, he must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (internal quotation marks omitted). Plaintiff has attached to the Complaint as exhibits an image of the Photograph, Dkt. No. 1-1, and an image of the use of the Photograph on Defendant's website, Dkt. No. 1-2. The images are identical. These allegations are sufficient to make out a claim for copyright infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

Because Defendant has failed to appear in this case despite having been served, it is hereby ORDERED that a default judgment is entered against Defendant as to liability.

With respect to damages, Plaintiff is directed by September 21, 2021 to submit a letter on whether the case should be referred to a magistrate judge for an inquest on damages or whether additional briefing on statutory damages will be submitted.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 12.

SO ORDERED.

Dated: September 14, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge