```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/29/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
CARLOS MUNOZ YAGUE,                                 :
                                                    :
                        Plaintiff,                  :
                                                    :      19-cv-11717 (LJL)
            -v-                                     :
                                                    :      MEMORANDUM AND
VISIONAIRE PUBLISHING LLC,                          :      ORDER
                                                    :
                        Defendant.                  :
                                                    :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Carlos Munoz Yague ("Plaintiff") requests that the Court refer the case to the magistrate judge for an inquest on damages as well as to determine whether enough evidence exists to support Plaintiff's claim for statutory damages. Dkt. No. 28. The Court will refer the case to the magistrate judge for an inquest on statutory or actual damages.

On September 14, 2021, the Court entered an order granting Plaintiff default judgment as to liability. Dkt. No. 27. At the same time, the Court directed Plaintiff to submit a letter on whether the case should be referred to the magistrate judge for an inquest on damages or whether additional briefing on statutory damages would be submitted. *Id.* at 3. The latter order was occasioned by the fact that, although Plaintiff sought statutory damages under section 504 of the Copyright Act, 17 U.S.C. 504(c), *see* Dkt. No. 13 ("Decl.") ¶ 14, the complaint did not allege an act of copyright infringement that occurred after the date of registration, *see* Dkt. No. 1.

Section 412 of the Copyright Act provides in plain language that "no award of statutory damages or of attorney's fees, as provided by sections 504 and section 505, shall be made for— (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the

work and before the effective date of its registration, unless such registration is made within three months after first publication of the work." 17 U.S.C. § 412. The provision differs from section 411 of the Copyright Act, which requires preregistration or registration before an action is commenced under the Copyright Act for damages but does not otherwise limit the actual damages the copyright owner may seek to those incurred after the date of registration. *Id.* § 411.

Section 412 is intended to provide "additional remedies of statutory damages and attorney's fees as incentives to register." *In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 116, 132 (2d Cir. 2007) (Walker J., dissenting), *rev'd and remanded sub nom. on other grounds Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see also Graham v. Prince*, 265 F. Supp. 3d 366, 389 (S.D.N.Y. 2017) ("To incentivize prompt copyright registration, the Copyright Act makes registration a condition precedent for recovering both statutory damages and attorneys' fees."); *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1226277, at *4 (S.D.N.Y. Mar. 29, 2011) ("The intent behind enacting Section 412 was to make available the 'extraordinary relief' of statutory damages *only to those who promptly registered their copyrights,* and to deny that remedy to those who failed to do so."); *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 1991 WL 113283, at *11 (S.D.N.Y. June 14, 1991) ("The purpose of § 412 is to encourage timely copyright registration."); *Love v. City of New York*, 1989 WL 140578, at *1 (S.D.N.Y. Nov. 17, 1989) ("The threat of such a denial [of statutory damages and attorneys fees] would hardly provide a significant motivation to register early if the owner of the work could obtain those remedies for acts of infringement taking place after a belated registration.").

The complaint in this action, filed on December 21, 2019, does not allege either the date of registration or the date of infringement. *See* Dkt. No. 1. It alleges that the photograph had

been registered with the United States Copyright Office and cites the work's copyright registration number. *Id.* ¶ 9. It also alleges that Defendant ran an article featuring the photograph but does not allege the date of the article. *Id.* ¶ 11.

The declaration of counsel in support of the motion for a default judgment asserts that the photograph was registered on October 8, 2019. *See* Decl. ¶ 14. The Certificate of Registration for the photograph, attached as Exhibit D to the declaration, shows the effective date of registration to be October 8, 2019 and the date of first publication to be February 4, 1998, over 21 years earlier. *See* Dkt. No. 13-4; *see also* Decl. ¶ 15 ("Attached hereto as Exhibit D is a true and correct copy of Plaintiff's relevant copyright registration certificate . . . ."). The declaration of counsel admitted, "Plaintiff does not know the exact date when Defendant committed the alleged infringement." Decl. ¶ 14. But it then urged: "Defendant has failed to appear to defend this action and therefore the presumption should be held against Defendant, i.e., that the infringement occurred after the date of Plaintiff's October 2019 registration." *Id.*

After the Court's order granting default judgment as to liability and in response to the Court's directive, Plaintiff submitted a letter on September 21, 2021. Dkt. No. 28. The letter notes "that for Plaintiff's claim to qualify for statutory damages, the alleged infringement would have had to occur at some point between October 8, 2019 (the date of registration) and December 20, 2019 (the date the complaint was filed)." *Id.* at 1. It also attaches what it asks the Court to receive as "additional factual evidence regarding the date of Defendants' infringement." *Id.* at 2. Counsel conducted a review of the "Wayback Archive" at URL https://web.archive.org and determined that the work in question was first recorded by Wayback on Defendant's website as of December 10, 2019, which is after the registration date. *Id.* Counsel recognizes, however,

3

that the evidence from Wayback is not necessarily conclusive and that it is possible that the act of infringement commenced prior to registration.  *Id.*

Defendant's default constitutes an admission to the well-pleaded factual allegations of the complaint except as to damages.  *See  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 370 (S.D.N.Y. 2020) ("Although a default judgment entered on well-pleaded allegations establishes a defendant's liability, it does not reach the issue of damages").  But it does not give rise to a presumption beyond that the factual allegations are true.  *Cf. Spin Master*, 463 F. Supp. 3d at 374 ("If a defendant has the right to default, with the only consequence being that it has lost the ability to defend itself against the well-pleaded allegations of a complaint, it should follow that the mere fact of a default should not increase the quantum of statutory damages." (citation omitted)).  Plaintiff admits that he has not located any case law to support the proposition that the failure to answer should give rise to a presumption that the infringement took place after the date of registration.  Dkt. No. 28 at 2.  The Court is required to draw *plausible* inferences from the factual allegations of the complaint.  It is not permitted to draw an inference that is merely conceivable, when other inferences are more or equally plausible.  Here, for example, it is telling that there are no allegations regarding what prompted Plaintiff to suddenly register in October 2019—whether it was the discovery of the alleged infringement, in which case statutory damages may not be available, or some other event.

At the inquest, the magistrate judge will have authority to determine both whether the evidence supports an award of statutory damages (and if so to determine the quantum of statutory damages) or, in the alternative, to determine actual damages.  *See* W. Patry, Patry on

Copyright § 22:173 (plaintiff may submit alternative requests for actual damages and statutory damages from which plaintiff can select whichever one it likes).

SO ORDERED.

Dated: September 29, 2021
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge